# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FREDERICK SCHULZE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> PAUL SCHULTZ, ) <br> ) <br> Respondent. ) | 1:04-CV-06100 AWI LJO HC <br><br> FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND[1]

Petitioner is currently in the custody of the Bureau of Prisons ("BOP"). At the time the petition was filed, Petitioner was housed at the Federal Correctional Institution in Atwater, California. He is currently housed in the Federal Detention Center in Honolulu, Hawaii.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a disciplinary hearing held on February 12, 2004, in which Petitioner was found guilty of possessing morphine in his cell. See Exhibit 3, Respondent's Answer to Petition (hereinafter "Answer").

At the time of the incident, Petitioner was housed at the Federal Correctional Institution in

---

[1]This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and Petitioner's traverse to Respondent's answer.

Terminal Island, California. On February 4, 2004, Education Technician Florinda Romero conducted a search of Petitioner's cell: Cell 29 upper in C Unit. See Exhibit 1, Answer. Petitioner shared this cell with another inmate. Id. The cell consisted of two beds and four lockers. Id. The cell was open to the rest of C Unit. During the search, Romero found a small piece of folded paper-like material in a trash can that was kept between two lockers. Id. The paper contained an unknown substance, so she gave it to the Special Investigative Services ("SIS") office for testing. Id. Officer Fritsch of the SIS tested the substance and determined it was morphine. See Exhibit 2, Answer.

On February 12, 2004, a disciplinary hearing was held. See Exhibit 3, Answer. Petitioner stated that the trash can was in a common area. Id. He stated that no one can control what gets put in the trash can. Id. He further stated he didn't know anything about the substance. Id. Disciplinary Hearing Officer R. Wiley considered the evidence and found Petitioner guilty of possessing morphine. Id. The hearing officer found that Petitioner knew of his responsibility to search and monitor his assigned area for contraband. Id. The contraband was found underneath the trash can liners which is a common place for contraband to be hidden. Id. Because of this, Petitioner should have searched this area on a regular basis. Id. Further, the hearing officer found Petitioner had reason to deny the charges whereas the investigating officer had no reason to lie. Id. Finally, the officer found Petitioner provided no evidence in support of his denial. Id. The hearing officer determined that Petitioner and his cell-mate would be held equally accountable since neither inmate claimed responsibility for the morphine. Id. The hearing officer found Petitioner guilty and assessed him a forty (30) day loss of time credits, thirty (30) days disciplinary segregation, and six (6) months loss of visitation. Id. Petitioner was given a final copy of the report on February 19, 2004. Id.

On August 16, 2004, Petitioner filed the instant federal habeas petition in this Court. Petitioner claims the evidence was insufficient to support a finding of guilt. On January 20, 2005, Respondent filed an answer to the petition. Petitioner filed a reply/traverse to Respondent's answer on February 14, 2005.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing. At the time the petition was filed, Petitioner was housed at the Federal Correctional Institution in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Review of Petition

Petitioner contends the finding of guilt is a violation of the Fifth and Sixth Amendments to the Constitution. He claims he should not be held accountable because the contraband was found in a common area. He argues the evidence is insufficient to support the finding of guilt.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

1    Petitioner claims the evidence was insufficient to support the finding of guilt. His arguments
2 are not persuasive, because there was "some evidence" to support the guilty finding. The contraband
3 was found in a trash can between Petitioner's and his adjoining cell-mate's lockers. Although the
4 area was open and accessible to the rest of the unit, the area was Petitioner's and his cell-mate's
5 personal area and was their responsibility. Furthermore, the contraband was located underneath the
6 liners in the trash can, which is a common area for inmates to conceal their contraband. Although it
7 is possible other inmates may have accessed the trash can, it is very unlikely another inmate
8 concealed the contraband. The contraband was not just discarded in the trash can, it was hidden
9 beneath the unused trash can liners with the original liner replaced. It is much more likely that
10 Petitioner or his cell-mate concealed the contraband. Since neither inmate claimed responsibility,
11 they were both held accountable. There is, therefore, some evidence supporting the guilty finding.
12 Accordingly, Petitioner's claims are without merit and the petition should be denied.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within ten (10) court days (plus three days for mailing)  after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten (10) court days (plus three days for mailing) after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 2, 2007**            **/s/ Lawrence J. O'Neill**
23ehd0                                                    UNITED STATES DISTRICT JUDGE