UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL FREDERICK SCHULZE, | ) | 1:04-CV-06100 AWI NEW HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING EXTENSION OF TIME |
| | ) | [Doc. #22] |
| | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| v. | ) | RECOMMENDATION [Doc. #21] |
| | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| PAUL SCHULTZ, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT FOR |
| | ) | RESPONDENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 2, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition for writ of habeas corpus be DENIED and the Clerk of Court be DIRECTED to enter judgment for Respondent. This Findings and Recommendation was served on all parties and contained notice that any objections to the Findings and Recommendation were to be filed within ten (10) court days of the date of service of the order. On February 13, 2007, Petitioner filed a motion for extension of time to file objections. Good cause having been shown, Petitioner's

motion for extension of time will be granted. On February 27, 2007, Petitioner filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

As explained by the Magistrate Judge, the due process protections at a prison disciplinary proceeding are less than in criminal prosecutions.  Ponte v. Real, 471 U.S. 491, 495 (1985); Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Walker v. Sumner, 14 F.3d 1415 F.3d 1419 (9th Cir. 1993). Due process is satisfied if there is "some evidence" in the record to support the conclusion reached by the board.  Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454-55 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9$^{th}$Cir. 1987).

In this case, Petitioner and his cell mate were found guilty of possessing contraband under a constructive possession doctrine.  In the absence of direct evidence pointing to an inmate's guilt, the "some evidence" standard of Hill may be satisfied by application of the constructive possession doctrine.  In Hamilton v. O'Leary, 976 F.2d 341 (7th Cir.1992), the plaintiff brought suit after he and his three cellmates were found guilty of possessing six homemade weapons discovered in a large vent in their cell, even though there was no direct evidence linking the plaintiff or any of his cellmates to the contraband.   In finding "some evidence" supported the guilty finding the Seventh Circuit adopted a probability approach based upon the number of prisoners having access to the area where the contraband was found.   The Seventh Circuit determined that the facts presented to the prison hearing board indicated that there was a 25% (one in four) probability that the plaintiff was responsible for the discovered contraband.  The Seventh Circuit found this probability constituted "some evidence" of guilt.  Id. at 346.   The Seventh Circuit reasoned that at least in cases where "contraband is found where only a few inmates have access," use of the constructive possession doctrine to satisfy the Hill standard is "unproblematical."  Id. at 345.    Other courts have used this approach to find "some evidence" where a small number of inmates had access to contraband.  See, e.g., Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (contraband found in locker shared by two

inmates)); Harms v. Godinez, 829 F.Supp. 259 (N.D.Ill.1993) (contraband found bagged with trash in commissary work area staffed by six inmates).

However, courts have recognized that if too many inmates had access to the contraband, the constructive possession doctrine violates due process.   In fact, in Hamilton, the Seventh Circuit expressed doubt about this doctrine's viability in all cases.   Although the Seventh Circuit in Hamilton found a 25% probability of guilt adequate to uphold the decision of the prison disciplinary board, it also stated in dicta that  a 3.1% (one in thirty-two) probability would not constitute "some evidence" against any particular inmate.  Hamilton, 976 F.2d at 345.   Other courts have followed this reasoning and found that the probability that any one of the twelve inmates (8.3%) were responsible for the contraband too statistically insignificant as to have virtually no probative value. Cardenas v. Wigen, 921 F.Supp. 286, 289 (E.D.Pa. 1996).   The Fifth Circuit found that where "approximately one hundred inmates" had equal access to contraband in a kitchen during a riot, the "some evidence" standard was not satisfied.  Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001).

Petitioner states that he was housed in a dormitory setting that held approximately 120 inmates.   A map of the facility shows every two inmates had a "living area," containing two beds lockers, and trash cans; but the living areas do not have a door and appear to be open to other inmates.   The contraband was found in a trash can liner between Petitioner's and his cell-mate's lockers.   The lockers and trash can were near the back of the living area, and the contraband was hidden beneath the unused liners.

While Petitioner attempts to catagorize this case as a dormitory setting with equal access by a large number of inmates, Respondent characterizes the living area as a cell holding two inmates.   In truth, this case does not neatly fall within either characterization.   The evidence demonstrates that while other inmates had access to the trash can and contraband, these other inmates did not have "equal access."  In the case before this court, the contraband was discovered in Petitioner's trash can, not in a kitchen shared by other 100 inmates as in Broussard v. Johnson, 253 F.3d 874 (5th Cir. 2001).  The evidence indicates that while it was would have been possible for another inmate to hide the contraband, the contraband was hidden in unused liners and not merely tossed into the trash can.

It is "possible" that other inmates could have hidden the contraband.   However, given the time it would have taken to hide the contraband in the trash can liner coupled with evidence that Petitioner and his cell mate were responsible to search their living space for contraband,  it is unlikely another inmate would have hidden the contraband and not been detected.    The court agrees with the Magistrate Judge that the disciplinary ruling was supported by "some evidence" and thus did not violate Petitioner's procedural due process rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Extension of Time is GRANTED *nunc pro tunc* to February 27, 2007;

2. The Findings and Recommendation issued February 2, 2007, is ADOPTED IN FULL;

3. The Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE; and

4. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   April 27, 2007**              /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE